1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARREL L. SMITH,

11            Plaintiff,                     No. CIV S-05-1430 MCE KJM P

12        vs.

13   SCOTT KERNAN, et al.,                   ORDER

14            Defendants.

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

19        Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments shall be collected

26   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2   I.  The Complaint, The Motion To Amend, The Motion To Dismiss

3         The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint, or portion thereof, should only be dismissed for failure to state a

17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

18   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

19   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

20   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

21   complaint under this standard, the court must accept as true the allegations of the complaint in

22   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

25         For his original complaint, plaintiff submitted several different complaint forms,

26   each containing separate claims.  Thereafter, on August 15, 2005, he filed a motion to dismiss

1   defendants Rasmussen and Russell from the case, but suggested he still had an action against

2   defendant Johnson-Dovey.  On August 31, 2005, plaintiff filed a motion for permission to amend

3   the complaint, to enlarge his allegations against defendant Johnson-Dovey.

4          In accordance with plaintiff's August 15 request, the court will not consider his

5   claims against defendants Rasmussen and Russell.

6          As to plaintiff's claims or potential claims against Johnson-Dovey, there is no

7   constitutional right to a grievance procedure, so any deficiencies in the response to plaintiff's

8   grievances do not state a claim cognizable in a civil rights action.  See Mann v. Adams, 855 F.2d

9   639, 640 (9th Cir. 1988).  However, to the extent plaintiff is alleging that the destruction of his

10  grievances violates his First Amendment right to petition the government for redress of

11  grievances, he may be able to state a cognizable claim.  See, e.g., Rhodes v. Robinson, 408 F.3d

12  559, 567 (9th Cir. 2005).  The court cannot evaluate the complaint, however, because plaintiff

13  has filed only the motion to amend, not a proposed amended complaint.  He will be given the

14  opportunity to amend his complaint.

15         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

17  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

18  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

19  there is some affirmative link or connection between a defendant's actions and the claimed

20  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

21  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

22  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

23  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

26  amended complaint be complete in itself without reference to any prior pleading.  This is

3

1   because, as a general rule, an amended complaint supersedes the original complaint. See Loux

2   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

3   pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

4   original complaint, each claim and the involvement of each defendant must be sufficiently

5   alleged.

6         Finally, plaintiff is directed to use a single complaint form, with additional pages

7   only if necessary, to state his claims.

8   II.   The Motion For Injunctive Relief And Motion To Amend The Request For Injunctive Relief

9         On September 16, 2005, plaintiff filed a motion for a temporary restraining order

10  and preliminary injunction, seeking to enjoin defendant Johnson-Dovey, "who is refusing to

11  allow inmates express his self [sic] through the 602 appeal process." In addition, on September

12  23, 2005, plaintiff filed a motion to amend his request for injunctive relief, to add additional

13  allegations against defendant Johnson-Dovey. Because the court is dismissing the complaint,

14  however, there is no underlying action to form the basis for injunctive relief. Plaintiff's motions

15  therefore will be denied without prejudice.

16        In accordance with the above, IT IS HEREBY ORDERED that:

17        1.   Plaintiff's request for leave to proceed in forma pauperis is granted.

18        2.   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

19  The fee shall be collected and paid in accordance with this court's order to the Director of the

20  California Department of Corrections filed concurrently herewith.

21        3.   Plaintiff's September 16, 2005 motion for injunctive relief is denied without

22  prejudice.

23        4.   Plaintiff's September 23, 2005 motion to amend his request for injunctive

24  relief is denied without prejudice.

25        5.   Plaintiff's complaint is dismissed.

26  /////

1         6. Plaintiff is granted thirty days from the date of service of this order to file an

2  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4  docket number assigned this case and must be labeled "Amended Complaint."

5         7. The Clerk of the Court is directed to send plaintiff the form for use by

6  prisoners in filing a civil rights action.

7  DATED:  December 20, 2005.

8

9                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17  2

     smit1430.14amd(7.15)

18

19

20

21

22

23

24

25

26

5