IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL L. SMITH,

    Plaintiff,                    No. CIV S-05-1430 MCE KJM P

   vs.

SCOTT KERNAN, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

                            /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendant Johnson-Dovey, the Appeals Coordinator at California State Prison-Sacramento (CSP-Sac) at times relevant to this action, refused to respond to his grievances (602s), in retaliation for plaintiff's grievances against other correctional personnel. Defendant has filed a motion to dismiss, alleging that plaintiff failed to exhaust administrative remedies before bringing suit. Plaintiff has filed an opposition and defendant a reply.[1]

/////

/////

---

[1] Plaintiff has filed a reply to the reply, which the court has disregarded as not provided for by the applicable rules of procedure.

1

I. <u>Exhaustion Under The PLRA</u>

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Conditions of confinement" subject to exhaustion have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prisons." 18 U.S.C. § 3626(g)(2); <u>Smith v. Zachary</u>, 255 F.3d 446, 449 (7th Cir. 2001); <u>see also</u> <u>Lawrence v. Goord</u>, 304 F.3d 198, 200 (2d Cir. 2002). Proper exhaustion of available remedies is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>Woodford v. Ngo,</u> ___ U.S. ___, 126 S. Ct. 2378 (2006) (addressing timeliness aspect of proper exhaustion). The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200 (9th Cir. 2002).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims plaintiff has included in the complaint. <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1209 (11th Cir. 2000) (1997e(a) requires that a prisoner provide as much relevant information as he reasonably can in the administrative grievance process).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Alameida v. Wyatt</u>, 540 U.S. 810 (2003). In

deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

II.  Analysis

In support of his motion, defendant has submitted declarations from R. Carter, the current Appeals Coordinator at CSP-Sac, and N. Grannis, Chief of the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation.

Carter explains that the Appeals Coordinator maintains records of logged grievances as well as grievances that have been screened out for procedural reasons. Declaration of R. Carter (Carter Decl.) ¶ 2. Any grievance that has been screened out is returned to the inmate without further processing; the Appeals Coordinator does not retain a copy. Id. ¶¶ 4, 5. Carter's search of the records reveals that between December 29, 2004 and July 15, 2005, six of plaintiff's grievances were accepted for review and of those, two were exhausted through the Director's Level. Id. ¶¶ 6-7. One of the exhausted grievances concerned living conditions, while the other involved a transfer. Id. ¶ 7. Carter does not mention any grievances screened out for procedural reasons.

Grannis avers that a search of the records of the Inmate Appeals Branch revealed that since December 29, 2004, plaintiff has not submitted any appeals concerning defendant Johnson-Dovey's refusal to process plaintiff's grievances. Declaration of N. Grannis (Grannis Decl.) ¶¶ 3, 5.

Although the gist of plaintiff's opposition is difficult to decipher, it appears that plaintiff is arguing that remedies were not available to him within the meaning of 42 U.S.C. § 1997e(a), because under title 15 of the California Code of Regulations § 3084.5(e) a grievance or appeal should not be reviewed by a staff person who participated in the event being grieved. Plaintiff also argues that he has exhausted available remedies because a May 23, 2005 grievance alleging that defendant Johnson-Dovey failed to process earlier grievances was screened out as

3

untimely. Finally, he suggests that grievances filed after the original complaint should somehow relate back to earlier screened out grievances.

### A. Available Remedies For Screened-Out Grievances

Plaintiff has attached as Exhibit A to his verified opposition a 602 he submitted on May 23, 2005, alleging that defendant was making grievances disappear by not responding to them. Plaintiff's Exhibit C is an unsigned letter dated May 31, 2005, from the Appeals Coordinator (identified not by name but by title only), informing plaintiff that the grievance of May 23 was screened out as untimely. Plaintiff also has attached, as Exhibit B, a letter from N. Grannis, apparently refusing to accept the May 23 grievance at the Director's Level because it had not been completed through the second level of review. Plaintiff argues that this sequence of efforts exhausts administrative remedies.

Plaintiff's argument is based on the Ninth Circuit's decision in Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005), which held that an administrative remedy is not available within the meaning of the PLRA if the grievance has been rejected as untimely, because prison officials have the discretion to accept late claims. However, the Supreme Court has reversed Ngo and in Woodford v. Ngo, 126 S.Ct. at 2387, held that exhaustion of administrative remedies requires "proper exhaustion" through strict compliance with the time limits set forth in the procedural rules governing grievances.

Accordingly, plaintiff's May 23, 2005 grievance, screened out as untimely, does not serve to exhaust administrative remedies.

### B. Available Remedies For Grievances Against The Appeals Coordinator

Plaintiff also argues that remedies were not available because a grievance against defendant Johnson-Dovey would be considered by Johson-Dovey at the first level, in violation of state regulations.

In Booth, the Supreme Court recognized that for a remedy to be "available," there must be the "possibility of some relief. . . ." 532 U.S. at 738. Plaintiff does not show that any

4

violation of the regulation he cites in this instance[2] would make relief unavailable, for he does not show that second or third level review would be rendered unavailable or ineffective by Johnson-Dovey's initial consideration of the substance of the grievance.

Plaintiff's argument is more akin to a claim that exhausting remedies in this situation would be futile. However, the Supreme Court has held that futility is not an exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6.

C.  Relation Back Of Later Grievances

Plaintiff also has attached to his opposition copies of grievances submitted in August 2005 concerning his placement with incompatible cell-mates and procedural problems with a rules violation hearing, along with a number of "screen out" notices. Even if these grievances could be deemed to relate back to any grievance filed before plaintiff filed the original complaint on July 15, 2005, they have nothing to do with the cause of action against defendant Johnson-Dovey. Because they could not and did not alert prison officials to the nature of the claim against Johnson-Dovey, they cannot serve to exhaust administrative remedies in this case.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////

---

[2] The court assumes, but does not conclude, that the facts as alleged by plaintiff would violate state regulations.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within five days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: July 30, 2007.

_____
U.S. MAGISTRATE JUDGE

12  2/smit1430.57